IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEFFERSON RANSES RIOS-VELASQUEZ, *Petitioner*,<br>v.<br>TODD BLANCHE, *et al*., *Respondents*. | 1:26-cv-02588-MSN-LRV |

ORDER

Jefferson Ranses Rios-Velasquez ("Petitioner") has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a)—thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2)— and his detention by DHS despite being previously released on bond violates the Immigration and Nationality Act ("INA") (Count I), and his right to due process (Count I).

Petitioner is currently detained at the Caroline Detention Center in Caroline County, Virginia. In response to the Court's Order of August 18, 2026 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Luna Sanchez v. Bondi*, No. 1:25-CV-018888-MSN-IDD, 2025 WL 3191922, at *1 (E.D. Va. Nov. 14, 2025), *appeal dismissed*, No. 26-6095, 2026 WL 2078930 (4th Cir. Apr. 2, 2026). ECF 4. Accordingly, the Court incorporates the filings from *Luna Sanchez* into this case and for the reasons that follow, the Court will grant the Petition as to Count II.[1]

[1] Because the Court grants the Petition as to Count II, it need not address Petitioner's other claims.

## I. BACKGROUND

Petitioner is a citizen of Honduras who entered the United States in 2018. ECF 1 ¶ 13. After initially processing Petitioner for expedited removal, DHS removed Petitioner from the expedited proceedings and issued him a Notice to Appear, placing him in regular removal proceedings. ECF 4-1 ¶¶ 6-8. On February 13, 2019, an Immigration Judge ("IJ') granted Petitioner release on bond in the amount of $5,000. ECF 1-6.

In October 2025, Petitioner appeared before an Immigration Judge ("IJ"), on merits of his claim for asylum and withholding of removal. ECF 4-4. The IJ denied Petitioner relief and ordered him removed. *Id.* Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), and his appeal remains pending. ECF 4-1 ¶ 11.

On August 4, 2026, ICE agents stopped Petitioner while he was driving to work, arrested him, and took him into custody. ECF 1 ¶ 15. Once in custody, ICE transported Petitioner to the Caroline Detention Facility where he remains detained. *Id.* The following day—after ICE had arrested Petitioner—an ICE Deportation Officer canceled Petitioner's bond. ECF 4-3. Petitioner alleges that DHS has denied him release on bond while his removal proceedings are pending and that requesting custody redetermination from an IJ would be futile pursuant to the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶ 9.

## II. ANALYSIS

The first question posed by the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed

---

[2] Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim.

by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug.

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly eight years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a).

Having determined that Petitioner is detained pursuant to § 1226(a), the Court must next consider whether his continued detention without bond—after having previously been granted release on bond—is lawful. As this Court has concluded, where an IJ has previously released a noncitizen on bond, a DHS officer may not revoke that release "absent a change of circumstances." *Luna Sanchez*, 2025 WL 3191922, at *4 (quoting *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018)). The record here reflects no change in circumstances that could justify the revocation of Petitioner's bond. Instead, the record shows that ICE detained Petitioner simply because officers encountered him and revoked his bond a day after he had been detained. ECF 4-3. As in *Luna Sanchez*, such arbitrary detention, without any procedural safeguards, violates Petitioner's right to both

substantive and procedural due process, entitling Petitioner to immediate release. *Luna Sanchez*, 2025 WL 3191922, at *5.

## III. CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody with all of his personal property on the bond that was set on February 13, 2019; it is further

ORDERED that Petitioner must live at a fixed address which he must provide to the Federal Respondents[4]; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 21, 2026
Alexandria, Virginia

[4] If Petitioner opts to file a pleading in this civil action notifying the Federal Respondents of his fixed address, Petitioner should file that pleading under seal. No separate motion to seal will be required.